**Raymond Charles JACKSON,**
**Plaintiff–Appellant**

v.

**Brad LIVINGSTON; Michael Roesler; Dale R. White; Dale L. Dawson; Jacqueline J. Sanders, Defendants–Appellees.**

No. 15–40894.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Raymond Charles Jackson, Beeville, TX, pro se.

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM: *

The panel previously dismissed this appeal for lack of jurisdiction. The panel has considered the appellant's "Motion for Rehearing En Banc, Etc." as a motion for reconsideration.

Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment. In this case, the district court entered a final judgment on August 28, 2014. Therefore, the final day for filing a timely notice of appeal was September 29, 2014 because the thirtieth day was a Saturday. The petitioner's *pro se* notice of appeal is dated June 25, 2015, and it was filed on June 30, 2015.

Before filing his notice of appeal, appellant mailed the district court a *pro se* "Rule 60(B) Motion" on January 27, 2015, which was filed in the district court on January 30, 2015. In his "Rule 60(B) Motion," the appellant states that he did not receive notice that judgment had been entered until sometime after January 13, 2015. He points to the fact that he filed a change-of-address notification in the district court on September 8, 2014 and never received notice of the judgment at either his new or prior address. He asserts that he became aware of the judgment against him only after filing a status update request with the court on January 13, 2015. He asks the court to permit a late notice of appeal and includes prison mail records showing he received no mail from the district court in the twenty-one days after judgment was issued. After appellant filed this motion, the district court granted his request for copies of the docket and twice denied appellant's motion for leave to appeal *in forma pauperis* but did not rule on appellants "Rule 60(B) Motion." Because this motion contains an explanation for why it was late and asks the court leave to file an out-of-time appeal, we treat it as a motion to reopen the time to file the notice of appeal. *Cf. United States v. Hurst,* 426 Fed.Appx. 323, 324 (5th Cir. 2011) (construing a motion for clarification as a motion for relief under Rule 4(a)(6)).

Under Federal Rule of Appellate Procedure 4(a)(6), the district court can reopen the time to file a notice of appeal if three conditions are met: 1) a party did not receive notice of the entry of judgment pursuant to Federal Rule of Civil Procedure 77(d) within twenty-one days of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment's entry; 2) the party files a motion to reopen within 180 days after entry of the judgment or within fourteen days of receiving Rule 77(d) notice, whichever is earlier; and 3) no party is prejudiced by reopening the time.

Accordingly, we VACATE the prior dismissal rendered in this case and REMAND for the district court to determine whether to give leave to file an out-of-time notice of appeal under Rule 4(a)(6).

IT IS SO ORDERED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.